United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **WILLIAM DANIELLYS MORALES-GRANADO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01284** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner William Daniellys Morales-Granado's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

## Background

Petitioner is a noncitizen who has resided in the United States over three years. (Dkt. 1 at 4.) He entered the United States on or about December 4, 2022, when he was apprehended by immigration authorities and later released on his own recognizance. (*Id.* at 5.) On or about March 9, 2025, Petitioner was reapprehended by immigration authorities. (*Id.*) ICE took Petitioner into custody and served him with a Notice to Appear. (*Id.*, Attach. 2 at 2; Dkt. 7 at 2–3.) Thereafter, Petitioner was ordered removed by an Immigration Judge (IJ) and filed a timely appeal of the removal order which remains pending. (Dkt. 1, Attach. 2 at 10–11; Dkt. 7 at 2–3.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention

provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.

Petitioner filed the instant Petition for Writ of Habeas Corpus on July 21, 2026. (Dkt. 1.) Petitioner challenges his detention as unlawful under the Immigration and Nationality Act (INA), the Fifth Amendment Due Process Clause, and *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Maldonado Bautista*"). (Dkt. 1 at 12–14.) He asks the Court to order his immediate release or provide him with a bond hearing. (*Id*. at 14.) The Court ordered Respondents to respond to Petitioner's petition on or before July 28, 2026. (Dkt. 5.) Respondents filed a timely Response and Motion to Dismiss, notifying the Court that Petitioner filed an initial Habeas Petition on January 26, 2026, which was denied by the United States District Court Judge

Fernando Rodriguez, Jr. on May 6, 2026, on the grounds that Petitioner's continued detention under 8 U.S.C. § 1225(b)(2) pursuant to *Buenrostro-Mendez* does not violate his due process rights under the Fifth Amendment. (Dkt. 7); *see also Morales-Granado v. Noem*, 1:26-cv-00070, Dkt. No. 1, 7, 8 (S.D. Tex. Jan. 21, 2026). Petitioner also filed a Motion for Reconsideration which was denied on June 22, 2026. (Dkt. 7 at 2); *see also Morales-Granado*, 1:26-cv-00070, Dkt. No. 10, 12. Petitioner filed a reply arguing that the instant petition should not be dismissed because it presents new legal claims. (Dkt. 8.)

## **Discussion**

In the instant petition, Petitioner brings three claims: (I) he was unlawfully denied release on bond under 8 U.S.C. § 1226(a), (II) his detention violates his Fifth Amendment rights to procedural due process, and (III) he is entitled to relief pursuant to *Maldonado Bautista*. (Dkt. 1 at 12–14.) Respondents argue that the Court should dismiss the habeas petition as an abuse of the Writ. (Dkt. 7 at 1–3 (citing *McClesky v. Zant*, 499 U.S. 467, 489 (1991)). The Court address each of Petitioner's claims in turn.

First, the Court finds that Counts I and III of the current petition are meritless. Count I alleges that the application of 8 U.S.C. § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA where his detention is governed by 8 U.S.C. § 1226(a). (Dkt. 1 at 12.) However, this claim is foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez*. 166 F.4th at 498 (holding that noncitizens apprehended in the interior who entered without inspection are not entitled to bond hearings under § 1226(a) because they are "applicants for admission" subject to mandatory detention under § 1225(b)(2)). Likewise, Count III alleges that Petitioner's mandatory detention under § 1225(b)(2) without a bond hearing violates his rights under *Maldonado Bautista*, which granted a nationwide class certification and held that Bond

Eligible Class members are detained under § 1226(a) and are not subject to mandatory detention under § 1225(b)(2). (*See* Dkt. 1 at 13); *see also Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). However, the Ninth Circuit has issued a stay pending appeal of the district court's December 18, 2025 class certification order and final judgment, insofar as they extend beyond the Central District of California. *See Maldonado Bautista v. Dep't of Homeland Sec.*, Civ. No. 26-1044, Dkt. No. 17 (9th Cir. March 31, 2026). Therefore, neither Counts I or III of the instant petition present a viable claim for relief.

Next, Petitioner's prior petition precludes the Court's consideration of Count II in the current petition. The prior decision adjudicated and denied Petitioner's claim that his detention under 8 U.S.C. § 1225(b)(2) without an opportunity to seek an individualized bond hearing violates his rights under the Fifth Amendment's Due Process Clause. *See Morales-Granado*, 1:26-cv-00070, Dkt. No. 8 at 3. In the current petition, Petitioner raises the same general challenge to his detention without a bond hearing under the Due Process Clause. (*See* Dkt. 1 at 13.) Petitioner alleges in his reply that he now asserts due process violations arising from "prolonged detention exceeding the *Zadvydas* presumptively reasonable period." (Dkt. 8 at 1, 4 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). However, the Supreme Court's decision in *Zadvydas* contemplates the constitutionality of indefinite detention of noncitizens with a final order of removal under 8 U.S.C. § 1231. *See id.* at 683–91. The *Zadvydas* framework is not applicable to Petitioner who is detained under 8 U.S.C. § 1225(b)(2) and does not have an administratively final order of removal at this time. (*See* Dkt. 1, Attach. 2 at 10–11; Dkt. 7 at 2–3); *see also* 8 C.F.R. 1241.1 (stating an order of removal becomes final "upon dismissal of an appeal by the Board of Immigration Appeals"). Furthermore, Petitioner has not raised a constitutional challenge to the length of his

detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026).

As such, Petitioner's current petition raises the same claim and must be dismissed, regardless of whether the Court would have reached a different outcome in the first instance. *See Tshishi v. Warden, ERO El Paso Camp E. Montana*, 2026 WL 1733202, at *1 (W.D. Tex. June 15, 2026) (citing *Beras v. Johnson*, 978 F.3d 246, 251–52 (5th Cir. 2020) ("[I]t is an abuse of the writ for a prisoner to raise the same claim a second time.")). For these reasons, the Court cannot grant the relief Petitioner requests at this time. Petitioner may file a new habeas petition if he presents a meritorious claim that has not previously been adjudicated by any court.

## CONCLUSION

Accordingly, Respondents' Response to Petition for Writ of Habeas Corpus and Motion to Dismiss, (Dkt. 7), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **CLOSE** this civil action and **TERMINATE** any pending motions or deadlines that may be associated with this case.

IT IS SO ORDERED.

SIGNED this August 24, 2026.

Diana Saldaña
United States District Judge